UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MCBRIEN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-11-5605 EMC<br><br>**ORDER RE PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT**<br><br>**(Docket Nos. 27-28)** |

　　　Plaintiff Karen McBrien brought suit against the United States on November 18, 2011, claiming that the Defendant had committed continuous torts against her including: (1) implanting her with brain stimulation devices for monitoring and control; (2) preventing others from assisting her; (3) monitoring her at all times, (4) imposing restrictions on her travel, employment, medical care, legal advice, or financial assistance; (5) maliciously prosecuting her; and (6) making wrongful accusations against her as a threat to mass transit, government agencies, and relatives. Compl. at 4. She also alleged that she was thrown onto the floor by a San Francisco sheriff, and that she was threatened by a San Francisco Inspector who called her a "nut" and told her to leave after she tried to ask about a "bomb hoax" that she believed was performed on her by San Francisco governmental agencies and her ex-husband. *Id*.

　　　This Court *sua sponte* dismissed several of Plaintiff's causes of action and ordered her to file an amended complaint within 30 days, limited to her 42 U.S.C. § 1983 claim based on the use of excessive force by an officer of the San Francisco Sheriff's Department. Order Requiring Plaintiff to File and Amended Complaint (Docket No. 14). More than 60 days after the Court issued its order

1  the Plaintiff had still not filed her amended complaint, which prompted this Court to dismiss her
2  complaint with prejudice as to all claims for failure to comply with the Court's order. Order
3  Dismissing Action with Prejudice (Docket No. 18). Final Judgment was entered against Plaintiff on
4  June 7, 2012, and the Clerk of the Court closed the file for this case on the same day. *See* Judgment
5  (Docket 19).

6  On June 15, 2012, Plaintiff sought leave of Court to file a Motion for Reconsideration under
7  section 7-9 of the Local Rules of the United States District Court and United States Bankruptcy
8  Court for the Northern District of California. *See* Docket No. 20. This Court denied her request
9  since judgment had already been entered in her case, and Local Rule 7-9 only permits
10 reconsideration of interlocutory orders made "before the entry of a judgment adjudicating all of the
11 claims and the rights and liabilities of all the parties in a case." Local Rule 7-9(a); *see* Docket No.
12 21. Plaintiff thereafter filed the instant Motion for Relief from Final Judgment pursuant to Rules 59
13 and 60 of the Federal Rules of Civil Procedure. Motion for Relief from Final Judgment ("Mot. for
14 Relief") (Docket No. 28).

15 In support of her motion, Plaintiff cites the receipt of "new evidence" in the form of a letter
16 from the U.S. Transportation Security Administration purportedly containing "information on
17 Plaintiff that she has long sought" suggesting that "they may have Sensitive Security Information or
18 (SSI) in Plaintiff's files, which could reveal orders, actions, and restrictions imposed on Plaintiff."
19 Mot. for Relief at 5. Plaintiff does not describe the contents of this information, nor does she
20 explain its relevance in relation to her present motion. Plaintiff's declaration accompanying her
21 motion further alleges that she has "brain stimulation implanted devices" that allow the Defendant to
22 "control and monitor me daily," and that the acts of "'agents' who control all actions of me daily,
23 did not allow me to timely attend to, so that this matter would be dismissed with prejudice."
24 Declaration of Karen McBrien (Docket No. 28 Ex. 1) at 3. While the Court does not doubt the
25 sincerity of Plaintiff's allegations, her allegations do not plausibly state grounds upon which relief
26 can be granted.

27 Although not specified by the Plaintiff, the Court construes her Rule 59 motion as Motion to
28 Alter or Amend a Judgment under Fed. R. Civ. P. 59(e). Under Rule 59(e), a party may move to

have the court amend its judgment within twenty-eight days after entry of the judgment, and "[s]ince specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon,* 197 F.3d 1253, 1255 Fn. 1 (9th Cir.1999) (internal quotation marks omitted). Altering or amending a judgment after its entry is "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted).

In *Allstate Ins. Co. v. Herron*, the Ninth Circuit recently reiterated the four basic grounds upon which a Rule 59(e) motion may be granted. They are:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Id*. 634 F.3d 1101, 1111 (9th Cir. 2011). Here, Plaintiff has not presented any evidence that the Court's judgment dismissing her complaint was based on "manifest errors of law or fact," nor has she shown that an "intervening change in controlling law" applies to this matter, or that "manifest injustice" would occur should the Court's judgment stand. To the extent "new evidence" has indeed come to light as Plaintiff alleges (a fact that remains to be proven), this "evidence" fails to establish a plausible claim for relief and does not warrant reversal of this Court's dismissal of her action.

Likewise, Plaintiff has not shown that relief is warranted under Rule 60, which in a situation such as this would require a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) [other] extraordinary circumstances which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (internal citations and quotations omitted). Other than "newly

///
///
///
///
///
///

discovered evidence," Plaintiff's motion and declaration do not sufficiently show that any of these factors apply in this case, and relief for "newly discovered evidence" is unwarranted for the reasons described above.

Therefore, Plaintiff's Motion for Relief from Final Judgment is **DENIED**.

This order disposes of Docket Nos. 27 and 28.

IT IS SO ORDERED.

Dated: August 2, 2012

_____
EDWARD M. CHEN
United States District Judge